**BY ECF**                                                                                                    June 1, 2018

**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1506**
**New York, NY10007**


*Re:*     *Leibowitz v. Galore Media, Inc.*
          *Docket No. 1:18-cv-2626 (RA)*

Dear Judge Abrams,

   Pursuant to Your Honor's March 28, 2018 Order (Dkt. 6), Plaintiff Kristy Leibowitz ("Leibowitz") and Defendant Galore Media, Inc., ("Galore") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 1PM on June 6, 2018.

   1. **Brief Description of the Case**

   **Plaintiff's Perspective**

        Leibowitz is a professional photographer whose livelihood depends on licensing of her images to publishers and media outlets. Leibowitz used her skill, talent and artistic ability to photograph the celebrity Miley Cyrus in performance. Leibowitz then licensed the images to Page Six.  Leibowitz retained all rights and interest in the photographs. On December 3, 2014, Page Six ran an article featuring the photographs on its online edition.  The photographs were later properly registered with the U.S. Copyright Office.

        After Page Six published the photographs, Galore ran its own article on its website that prominently featured the photographs in question. Leibowitz did not license, give permission nor consent to publication of the photographs by Galore.  Galore did not contact Leibowitz prior to publishing her photographs nor after the fact.  Galore's publication of the photographs contained commercial advertisements.

        As a direct result of Galore infringement Leibowitz lost the opportunity to license the photographs and the market for these photographs was gravely and adversely effected by the Galore's activities.  Leibowitz asserts that Galore's infringement was willful, intentional, purposeful, and in disregard or indifference to Leibowitz' rights in the photograph.

        Leibowitz discovered Galore's infringement in 2016.

   **Defendant's Perspective**

        Richard Liebowitz, counsel for Plaintiff, has filed over 500 cases in this district in the past twenty-four months and has been repeatedly described as a copyright troll.  *See Reynolds v.*

*Hearst Commc'ns, Inc.,* No. 17CV6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018). "Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court." *Id.* "Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." Id. (imposing $10,000 bond requirement on plaintiff).

Defendant Galore Media, Inc. has been repeatedly sued by Mr. Liebowitz. This case involves two photographs of Miley Cyrus that were briefly posted on a secondary page of Galore's website that had a very small number of page views. The page was taken down long before this lawsuit was filed. Given the timing of the registration and alleged infringement, Plaintiff is not entitled to statutory damages or fees. At most, Plaintiff will be entitled to license fees for posting these photographs, likely not exceeding several hundred dollars.

Galore will be requesting that the Court order Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with this Action.

## 2. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has personal jurisdiction over the Defendant because the Defendant resides in and is transacting business in New York. Venue is also proper in this District pursuant to 28 U.S.C.§1391(b).

## 3. Contemplated Motions

### Plaintiff

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on the copyright infringement claim.

## 4. Discovery

### Plaintiff's Perspective

The parties engaged in some preliminary exchange of information relating to settlement. Since the Plaintiff is eligible for actual damages on the copyright infringement claim, she would like to see discovery that establishes the expenses saved, profits reaped, and any other benefits, gains or advantages attributable to the infringement before a meaningful settlement discussion could take place.

### Defendant's Perspective

Galore will be seeking documents relating to the license fees paid to Plaintiff by the NY Post for use of the photographs at issue, and any other relevant licensing history from Plaintiff.

### 5. Prospect for Settlement

**Plaintiff's Perspective**

The parties engaged in a preliminary settlement discussion. The parties are simply too far apart for a productive settlement discussion and discovery should commence without delay.

**Defendant's Perspective**

Plaintiff's settlement demand is a significant multiple of the most she could possibly recover at trial. Plaintiff's counsel improperly leverages the cost of defense in making such demands. Defendant will be requesting that Plaintiff post a bond before proceeding with this Action.

### 6. Length of Trial

The Parties estimate 1-2 days for trial.

Respectfully Submitted,

/s/Richard P. Liebowitz
Richard P. Liebowitz
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com

*Attorneys for Plaintiff Kristy Leibowitz*

By: _____
Andrew Gerber (AG 0779)
Penelope Fisher-Birch (PFB 8019)
KUSHNIRSKY GERBER PLLC
andrew@kgfirm.com
penelope@kgfirm.com
27 Union Square West, Suite 301

New York, NY 10003
(212) 882-1320

*Attorneys for Defendant Galore Media, Inc.*