UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTY LEIBOWITZ,<br><br>                              Plaintiff,<br><br>        - against -<br><br><br>GALORE MEDIA, INC.<br><br>                              Defendant. | No. 18-cv-02626 (RA)(HBP) |

**MEMORANDUM OF LAW IN RESPONSE TO AN ORDER TO SHOW CAUSE WHY A BOND AS SECURITY FOR COSTS AND FEES UNDER LOCAL RULE 54.2 SHOULD NOT BE LEVIED**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ……………………………………………………………………ii

**INTRODUCTION** …………………………………………………………………………….1

**STATEMENT OF FACTS** ……………………………………………………………………2

**PROCEDURAL BACKGROUND** …………………………………………………………...3

**LEGAL STANDARD** ………………………………………………………………………...3

**ARGUMENT** ………………………………………………………………………………….3

**I. NONE OF THE FACTORS FAVORS POSTING OF A BOND AND ALL WEIGH AGAINST IT** ………………………………………………………………………………...3

    A. THERE IS NOT EVIDENCE REGARDING LEIBOWITZ'S INABILITY TO PAY...4
    B. LEIBOWITZ IS A DOMESTIC RESIDENT ……………………………………………5
    C. LEIBOWITZ HAS DEMONSTRATED THAT SHE IS LIKELY TO PREVAIL ON THE MERITS ……………………………………………………………………………….5
        1. LEIBOWITZ'S CLAIM IS NOT FRIVOLOUS OR OBJECTIVELY UNREASONABLE……………………………………………………………...7
    D. THE EXTENT AND SCOPE OF DISCOVERY IS LIMITED ……………………….8
    E. GALORE DOES NOT PROFFER EXPECTED COSTS ……………………………..8
    F. LEIBOWITZ HAS NOT DISOBEYED COURT ORDERS, OBSTRUCTED DISCOVERY, OR INCREASED THE COST OF LITIGATION ……………………9

**II. A PRE-DISCOVERY BOND REQUIREMENT WILL CHILL THE ENFORCEMENT OF VALID COPYRIGHTS HELD BY OTHER PROFESSIONAL PHOTOJOURNALISTS** ……………………………………………………………………10

**III. LEIBOWITZ HAS A RIGHT TO ENFORCE HER COPYRIGHT** ………………....11

**CONCLUSION** ………………………………………………………………………………12

**TABLE OF AUTHORITIES**

**CASES**                                                            **PAGE(S)**

*Aggarwal v. Ponce Sch. of Med.*,
   745 F.2d 723 (1st Cir. 1984) ……………………………………………….1

*Apple Computer, Inc. v. Franklin Computer Corp.*,
   714 F.2d 1240 (3d Cir. 1983) …………………………………………… .10

*Baker v. Urban Outfitters*,
   No. 01 Civ. 5440, 2004 WL 2546805 (S.D.N.Y. Nov. 10, 2004) …………….8

*Boisson v. Banian Ltd.*,
   221 F.R.D. 378 (E.D.N.Y. 2004) ……………………………………...4, 5

*Bruce v. Weekly World News, Inc.*,
   203 F.R.D. 51 (D.Mass.2001) …………………………………………….5

*Bryant v. Media Right Productions, Inc.*,
   603 F.3d 135 (2d Cir.2010) …………………………………………….7

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ……………………4, 5

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
   No. 08 CIV. 01533, 2010 WL 3452375 (S.D.N.Y. Sept. 1, 2010) …….3, 4, 7, 9

*Girlsongs v. 609 Indus., Inc.*,
   625 F.Supp.2d 1127 (D.Colo. 2008) ………………………………………11-12

*Harbor Motor Co. v. Arnell Chevrolet–Geo, Inc.*,
   265 F.3d 638 (7th Cir.2001) …………………………………………………5

*Isomedia, Inc. v. Spectrum Direct, Inc.*,
   No. C08-1733JLR, 2009 WL 10676392 (W.D. Wash. June 17, 2009) …11 fn. 1

*Jones v. Collectal Assocs.*,
   No. 15-CV-02223-JCS, 2016 WL 721279 (N.D. Cal. Jan. 29, 2016) ………..11

*Khaldei v. Kaspiev*,
   No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383 (S.D.N.Y. Dec. 30, 2014)..8, 10

*Reynolds v. Hearst Commc'ns, Inc.*,
   No. 17CV6720(DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018) …………..9

*RLS Assocs., LLC v. United Bank of Kuwait PLC,*

2005 WL 578917 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration,* 464
F.Supp.2d 206 (S.D.N.Y.2006) ……………………………………………………...8

*Walt Disney Co. v. Best,*
No. 88 Civ. 1595(SWK), 1990 WL 144209 (S.D.N.Y. Sept. 26, 1990) ……….11

**STATUTES**

17 U.S.C. § 106 …………………………………………………………………………….8
17 U.S.C. § 505 …………………………………………………………………………4, 7

**RULES**

Fed. R. Civ. P. Rule 68 …………………………………………………………………..passim
Local Rule for the Southern District of New York 54.2……………………………..passim

**OTHER AUTHORITIES**

3 *Nimmer* § 14.06[A] ……………………………………………………………………..10

## INTRODUCTION

**"[T]oll-booths cannot be placed across the courthouse doors in a haphazard fashion."** - *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 728 (1st Cir. 1984)

Plaintiff Kristy Leibowitz ("Plaintiff" or "Leibowitz") is a New York-based professional photojournalist who owns the copyrights to two images of Miley Cyrus in concert. Defendant Galore Media, Inc. ("Defendant" or "Galore") is a celebrity gossip and entertainment publisher who has been previously sued for copyright infringement in this District. Having been caught once again exploiting the copyrights of a professional photographer without first obtaining permission, Galore refused to produce the bare minimum of documents evidencing its profits, ad revenue, or other benefits/advantages gained as a result of the infringement. Instead, Galore relies on a premature and uninformed Fed. R. Civ. P. Rule 68 Offer of Judgment to pressure Leibowitz into an early settlement of her claim. Leibowitz cannot properly evaluate any such offer because Galore has not and cannot produce evidence that would duly inform her assessment of potential actual damages available in this case.

As a matter of law, Galore's exploitation of Leibowitz's photographs violates the Copyright Act. In fact, Galore essentially concedes liability. The question of an order to post bond turns on whether Leibowitz's inability to properly evaluate Galore's Offer of Judgment can be grounds for a bond requirement.

Simply put, a bond in this case would be frivolous and harassing. Galore has not and cannot demonstrate: (a) that Leibowitz lacks the financial capacity to pay costs if the Court shifts costs under Rule 68; (b) that Leibowitz is a foreign resident; (c) that Galore is likely to prevail in this action; (d) that Leibowitz's claim is objectively unreasonable or frivolous; (e) that discovery in this case would be particularly extensive; (f) that Galore has or will incur any costs; nor that

(g) that Leibowitz has disobeyed any Court orders. Accordingly, Leibowitz respectfully requests that the Court not require Leibowitz to post a bond and permit the case to proceed to a full and fair hearing on the merits.

## STATEMENT OF FACTS

Leibowitz is a New York resident with a place of business at 23 Manor Lane, Copiague, NY 11726. [Compl., ¶ 5, Declaration of R. Liebowitz, ¶ 6, 7 & Exhibit A]. Leibowitz is financially solvent. [Decl. Liebowitz ¶ 8]. Leibowitz was working on assignment for the *New York Post's Page Six* when she photographed Miley Cyrus in concert at Art Basel, an exclusive arts festival in Miami, FL on December 3, 2014 (the "Photographs") [Dkt. #1, Complaint, ¶ 1, 11, 12, 13; Ex. A] On December 3, 2014 *The New York Post' Page Six* published the Photographs in an article entitled "*Stars support the art of partying at Art Basel*" [Compl. ¶ 13, 14; Ex. B].

Some time after the *Page Six's* publication of the Photographs, Galore ran its own article about Art Basel performances and directly copied and displayed the Photographs. [Compl., ¶ 17, 18; Ex. D] The Galore article prominently featured the Photographs taken by Leibowitz. [*Id.*]. Commercial advertisement also appeared adjacent to the Photographs as they appeared on Galore's website. [Compl., ¶ 19; Ex. D]. Leibowitz discovered the infringement in 2016. [Compl., ¶ 24]. Galore essentially concedes copyright infringement [Dkt. #11-1, Joint Letter, pg.2]. Leibowitz has licensed images of similar style and quality for varying amounts. She has in the past garnered licensing fees in excess of $2,700. [Decl. Liebowitz ¶ 9 & Exhibit B]. The only remaining question pertains to damages in an actual damages case involving two photographs of a celebrity performing at an exclusive event.

## PROCEDURAL BACKGROUND

On March 26, 2018, Leibowitz filed a one-count action for copyright infringement against Galore under 17 U.S.C. § 101 *et seq.* On May 25, 2018, Defendant filed its answer to the complaint. On June 2, 2018 Galore served a Rule 68 Offer of Judgment on the Plaintiff. The time to accept this offer expires in 14 days or on June 16, 2016. Parties have yet to exchange any discovery in this matter. At an initial case management conference on June 6, 2018 the Court ordered the Plaintiff to show cause as to why a bond requirement in the amount of $5,000 or $10,000 should not be levied.

## LEGAL STANDARD

While there are no set guidelines for applying Rule 54.2, courts in this Circuit generally consider the following factors in determining whether to require a party to file a bond pursuant to the rule: (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010).

## ARGUMENT

I.   **NONE OF THE FACTORS FAVOR POSTING OF A BOND AND ALL WEIGH AGAINST IT.**

A.  THERE IS NO EVIDENCE REGARIDNG LEIBOWITZ'S INABILITY TO PAY

In considering bond motions under L.R. 54.2, one of the factors considered by courts is "the financial condition and ability to pay of the party who would post the bond." *Gary Friedrich Enterprises,* 2010 WL 3452375, at *2.  In the Initial Conference, Galore did not even allege any evidence relating to Leibowitz's financial status.  Accordingly, there is no basis upon which the Court can assess this factor which therefore weighs against the issuance of a bond.

In fact, Leibowitz is the sole proprietor of Kristy Leibowitz Photography LLC, located at 23 Manor Lane, Copiague, New York 11726.  There has been no evidence proffered that she would be unable to pay for costs in the unlikely event that she'll recover less than Galore's offer of judgment.

It is important to note that the cost-shifting mechanism of Rule 68 is unlikely to include attorneys' fees.  "Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are 'properly awardable' under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004)(collecting cases).

The Copyright Act allows costs to include an award of a reasonable attorney's fee. 17 U.S.C. § 505. Such costs, however, including a possible award of fees, are awarded only to the prevailing party.  The Defendant has the heavy burden of proving that Plaintiff's claims were frivolous and objectively unreasonable.  Even prevailing party status, standing alone, does not require an award of fees in a copyright action. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (noting that attorney's fees are not be awarded automatically, but rather upon showing four factors). Instead, the court considers the conduct of the non-prevailing party when determining whether an award of fees is appropriate. Such factors

4

include frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id.* Because the Copyright Act includes an award of attorneys' fees as part of the costs, but only to a prevailing party, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award. *Boisson,* 221 F.R.D. at 381(quoting *Harbor Motor Co. v. Arnell Chevrolet–Geo, Inc.,* 265 F.3d 638, 647 (7th Cir.2001)); *accord Bruce v. Weekly World News, Inc.,* 203 F.R.D. 51, 54–55 (D.Mass.2001).

Here, a solvent business owner of a domestic limited liability company, who also resides in New York and has property in the state should not be forced to post a bond without a showing of inability to pay.

B. LEIBOWITZ IS A DOMESTIC RESIDENT

It bears repeating that Leibowitz is a New York resident with a place of business at 23 Manor Lane, Copiague, NY 11726. She is also the sole proprietor of a domestic limited liability company, Kristy Leibowitz Photography LLC. It is simply not the case that Galore's efforts to secure costs would be frustrated and it would have no recourse in the state of New York.

C. LEIBOWITZ HAS DEMONSTRATED THAT SHE IS LIKELY TO PREVAIL ON THE MERITS

The only conceivable argument in support of compelling Leibowitz to post security is Galore's unfounded belief that its offer of judgment exceeds any potential recovery. Galore cannot prevail on the merits. Even if the Court considers Galore's position that its offer of judgment represents the absolute ceiling for recovery in this case, it is unclear that the cost-shifting mechanism of Rule 68 is akin to a merit-based finding of liability. In other words, supposing that Galore is correct (and it's not) that Leibowitz will not get more in damages than its offer of judgment – there is no authority to support that any potential miscalculation on

5

Leibowitz's part in regards to actual damages goes to the merits of her case.   Rejecting an offer of judgment does not render Leibowitz' claim meritless.

Furthermore, it is important to note that Defendant refused to produce documents that would inform and support its Offer and Judgment and has not yet seen Leibowitz's licensing history.  Therefore, Defendant cannot, with any certainty, state that its offer of judgment even is reasonable, much less represents a cap for potential recovery.   The record is simply not developed enough for an informed offer of judgment or its adequate consideration by the Plaintiff.

Here, Defendant cannot even argue that its offer of judgment is likely to exceed any potential recovery.   There has been no discovery exchanged between the parties as of the date of the Offer of Judgment, June 2, 2018.  Defendant generated a number without the benefit of knowing Leibowitz's licensing rates for images of similar style and quality.   Similarly, Leibowitz cannot properly evaluate the offer of judgment in the absence of any metrics related to the infringement.   Given that actual damages are measured by the loss of a license fee plus any profit, benefit, advantage or gain resulting from the infringement, both the offer and the evaluation thereof is severely hampered.  During the Initial Conference in this case, Plaintiff offered, at the suggestion of the Court, a limited production geared towards a damages analysis that would adequately inform the parties as to the reasonableness of their respective positions. Plaintiff made it clear that she was willing to produce licensing information for comparable images, while the Defendant took the obstinate position that it would not and could not produce any metrics regarding the infringement.  Defendant further stated that it most likely could not produce any relevant documents that would inform the Plaintiff's evaluation of the offer of

6

judgment because the infringement was four years ago. Given Defendant's obstructionist position, Plaintiff's evaluation of the Offer of Judgment cannot be anything but speculative.

Finally, Leibowitz submits evidence of a licensing history that dwarfs the Defendant's offer of judgment. Leibowitz has a reasonable belief that the potential recovery in this actual damages case involving two photographs of a notorious celebrity performing at an exclusive event would have garnered significantly more that the Defendant has offered. Defendant has offered no evidence to suggest that Leibowitz's calculation is groundless.

1. LEIBOWITZ'S CLAIM IS NOT FRIVOLOUS OR OBJECTIVELY UNREASONABLE

As explained in *Gary Friedrich Enterprises, LLC,* 2010 WL 3452375, at *4, it is not enough under L.R. 54.2 to demonstrate that Defendant is likely to prevail, which Defendant cannot do here. Galore must also bear the heavy burden of showing that it is likely to be awarded its attorneys' fees and costs under 17 U.S.C. § 505, which are "not automatically awarded to every victorious defendant but rather are within the court's discretion to grant." *Id.* In deciding whether such an award is warranted, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions, Inc.,* 603 F.3d 135, 144 (2d Cir.2010).

Here, Galore has made no showing whatsoever that Leibowitz's claim is frivolous, i.e., patently contrary to existing law or unsupported in fact. As demonstrated part C., *supra*, the Defendant has interposed no cognizable defense of the infringement, as a matter of law. Nor can it be shown that Leibowitz's claim is improperly motivated, having ample support that her two images would have garnered significantly more in actual damages than Defendant's offer of

7

judgment. She is a valid copyright owner of the works in question and is entitled to enforce her rights as prescribed under 17 U.S.C. § 106.

In sum, there is no factual or legal basis to conclude that Leibowitz's claim is frivolous, or likely to be found frivolous at this stage (or any stage) of the litigation. For this reason alone, the bond requirement in any amount should be rejected.

### D.  THE EXTENT AND SCOPE OF DISCOVERY IS LIMITED

At the Initial Conference, the Court acknowledge and parties contemplated that discovery in this case would be limited to issues pertaining to actual damages. The Court asked for limited discovery and Leibowitz was willing to produce documents evidencing a licensing history for images of similar style and content. Galore, however, refused to engage in a limited document production. In any case, the costs associated with discovery in this case would be limited. discovery in this case is "perhaps extensive [but] not particularly unusual in its magnitude." *Khaldei v. Kaspiev,* No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *1 (S.D.N.Y. Dec. 30, 2014)(quoting *RLS Assocs., LLC v. United Bank of Kuwait PLC,* 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration,* 464 F.Supp.2d 206 (S.D.N.Y.2006)). Virtually no discovery has taken place yet and Leibowitz has not shown that she will hinder, resist, obstruct or otherwise multiply the costs incurred by Galore. *Cf. Baker v. Urban Outfitters,* No. 01 Civ. 5440, 2004 WL 2546805, at *2 (S.D.N.Y. Nov. 10, 2004) (detailing plaintiff's "contumacious and disruptive conduct during the discovery process"). Here, Leibowitz has been cooperative and willing to engage in a limited discovery geared towards settlement.

### E.  GALORE DOES NOT PROFFER EXPECTED COSTS

"Because discovery has yet to begin in earnest in this case, evaluating the fourth and fifth relevant factors requires speculation." *Gary Friedrich Enterprises,* 2010 WL 3452375, at *5 rejecting a bond in the absence of evidence of costs to be incurred). Here, Galore has not offered any evidence of extraordinary costs that it has incurred or is likely to incur. The Court has no grounds upon which to levy a bond.

### F. LEIBOWITZ HAS NOT DISOBEYED COURT ORDERS, OBSTRUCTED DISCOVERY, OR INCREASED THE COST OF LITIGATION

Leibowitz has not engaged in any misconduct that would multiply the cost of these proceedings. *See Gary Friedrich Enterprises*, 2010 WL 3452375, at *5 ("Unlike in other cases in which bonds were awarded, the defendants have not suggested that the plaintiffs will hinder their ability to gather discovery"). There is no evidence whatsoever that Leibowitz would obstruct the progress of the lawsuit. There is no evidence whatsoever that Leibowitz has acted vexatiously or flaunted the Court's rules. In fact, it is Leibowitz who has been accommodating and flexible in response to the Court's guidance to produce documents limited to the issue of damages. Leibowitz has repeatedly offered to engage in limited, cost-conscious discovery geared towards making settlement negotiations meaningful. Galore, rather, has refused to produce even the most basic documents pertaining to damages and has refused to participate in settlement conferences.

Instead, Galore has launched *ad hominen* attacks against Leibowitz's counsel, Richard Liebowitz, concerning unrelated cases that have no bearing on the merits of the instant claim. [Dkt. #11-1, Joint Letter, p. 1-2]. Significantly, none of these unrelated cases cited by Galore resulted in sanctions against Leibowitz. Defendant's reliance on *Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) is also unavailing,

9

as Judge Cote never decided that a bond should issue based on a yet to be accepted Offer of Judgment.

On balance, none of the factors favor the posting of a bond, and almost all weigh against the requirement.  In analogous case with facts more favorable to the issuance of a bond, a Court rejected a bond for a defendant that "has been a resident of the United States for over 35 years. Even if he has no assets now, he has a colorable claim to at least some of the photographs at issue in this case or the income therefrom. He has made himself available for all required court appearances. Nothing suggests that this case presents 'compelling circumstances' that should require him to post a bond. Plaintiff argues that, without a bond, defendant 'has no incentive to avoid the risk of a judgment or hold down Plaintiff's costs.' But this could be said of any impoverished defendant, and we decline to create a rule that such a defendant must always post a bond." *Khaldei*, 2014 WL 7373383, at *2.  Given that none of the factors favor posting of a bond, Court must not levy the requirement.

## II.  A PRE-DISCOVERY BOND REQUIREMENT WILL CHILL THE ENFORCEMENT OF VALID COPYRIGHTS HELD BY OTHER PROFESSIONAL PHOTOJOURNALISTS

Copyright infringement cases brought by individual copyright holders do more than compensate victims.  They secure intellectual property rights from widespread invasion by largescale corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts.  *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also* 3 *Nimmer* § 14.06[A], at 14–80.

Furthermore, one of the primary purposes of the Copyright Act is to "deter future infringements." *Walt Disney Co. v. Best,* No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990). If the Court were to impose a pre-discovery bond requirement in this matter, which pits an individual photographer against a large-scale media company with a chronic history of infringing activity, it is foreseeable that such requirement would trigger a chain reaction of bond motions throughout this District. This, in turn, would not only burden courts with frivolous bond motions by every named defendant in a copyright action, but it would also chill the private enforcement of meritorious suits.[1] Large-scale publishers would then ramp up their infringing activities and the entire purpose of the Copyright Act would be frustrated.

### III.     LEIBOWITZ HAS A RIGHT TO ENFORCE HER COPYRIGHT

Further, Galore's characterization of this case as a "extortion" is absurd. As noted in II., *supra*, the purpose of this litigation is not only to compensate the victim. This is a federal copyright infringement case against a serial copyright infringer, Galore Media, who is the business of exploiting copyrighted materials for profit. Not unlike a restaurant owner who violates health code laws, there is a substantial public interest in holding Galore accountable for its repeated violations of federal copyright law.

After all, the Copyright Act is designed to "ensure that users of copyrighted works do not conclude that infringement is a rational business decision because the consequence of being caught is no worse than compliance at the outset." *Jones v. Collectal Assocs.*, No. 15-CV-02223-JCS, 2016 WL 721279, at *5 (N.D. Cal. Jan. 29, 2016), *see also Girlsongs v. 609 Indus., Inc.,* 625 F.Supp.2d 1127, 1131 (D.Colo. 2008)

---

[1] *Isomedia, Inc. v. Spectrum Direct, Inc.*, No. C08-1733JLR, 2009 WL 10676392, at *3 (W.D. Wash. June 17, 2009) ("this court finds that requiring the plaintiff to post a bond at this juncture could chill private enforcement of CAN-SPAM as a new area of the law.")

("[I]nfringers should not be free to 'sneer' in the face of the Copyright Act ...."). The Court should protect the aggrieved party, Leibowitz, and not tip the scales in favor of the infringer who views compliance with the Copyright Act as optional.

## CONCLUSION

Based on the foregoing, the Court should not require a posting of a bond under L.R. 54.2.

Dated: June 13, 2018                                              Respectfully submitted,

**s/Yekaterina Tsyvkin/**

Yekaterina Tsyvkin
Richard P. Liebowitz
Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream , NY 11580
(516) 233-1660
kt@liebowitzlawfirm.com

*Counsel for Plaintiff Kristy Leibowitz*