UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KRISTY LEIBOWITZ,

                                Plaintiff,                        No. 18-cv-2626 (RA)

   -against-

GALORE MEDIA, INC.,

                                Defendant.

------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF BOND REQUIREMENT
PURSUANT TO LOCAL RULE 54.2**

## **TABLE OF AUTHORITIES**

Cases

*Baker v. Urban Outfitters, Inc.*,
 431 F. Supp. 2d 351 (S.D.N.Y. 2006), aff'd 249 Fed. App'x 845 (2d Cir. Oct. 2, 2007)……2

*Petrella v. Metro–Goldwyn–Mayer, Inc.*,
 134 S.Ct. 1962, 188 L. Ed. 2d 979 (2014) ........................................................................... 2, 3

*Reynolds v. Hearst Commc'ns, Inc.*,
 No. 17CV6720(DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018)………………………..2

Defendant Galore Media, Inc. ("Galore" or "Defendant") submits this short reply in support of an order requiring Plaintiff Kristy Leibowitz ("Plaintiff") to post a $10,000 bond before proceeding with this Action.

Richard Liebowitz, counsel for Plaintiff, has filed over 500 cases in this district in the past twenty-four months and has been repeatedly described as a copyright troll. *See Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720(DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018). "Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court." *Id.* "Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action." *Id.* (imposing $10,000 bond requirement on plaintiff).

Here again, Mr. Liebowitz is doing exactly what led to the imposition of a $10,000 bond requirement in past actions. This case involves two news photographs posted on a secondary page of Defendant's blog over three years ago in connection with a news story on Art Basel. The total profits attributable to the infringement are trivial: at most several dollars from banner ad revenue on that page. Plaintiff appears to have licensed these two photographs to the *New York Post*, likely at the going rate for such news photo licenses, which is no more than several hundred dollars. Rather than provide the actual license fees for the two photographs at issue, Plaintiff has instead provided licenses in connection with private photo shoots that have nothing to do with these two photographs or this matter.

Plaintiff has no statutory damages or attorneys' fees available here: at most, Plaintiff's recovery would be limited to a license fee for the two news photographs plus disgorgement of Defendant's profits attributable to the infringement. This would not exceed $1000, and

1

Defendant has already issued an Offer of Judgment under Rule 68 for more than that amount. As the Court is well-aware, Mr. Liebowitz's strategy on such cases is to extort defendants by using the cost of defending the suit as leverage to force settlements above the maximum recoverable under the Copyright Act. He is doing so again here and has already threatened to increase Plaintiff's demand based solely on future increased attorneys' fees, which Plaintiff has no legal right to recover here.

In fact, under *Petrella v. Metro–Goldwyn–Mayer, Inc.,* 134 S.Ct. 1962, 1973 (2014), "a successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years." The photographs at issue in this Action were posted on Defendant's website blog in 2014 for only a short period of time. Though this will need to be addressed in a future motion for summary judgment, <u>Plaintiff's damages from three years back from the time of suit are zero</u>. Plaintiff has filed a lawsuit with potentially zero available damages under *Petrella*, and yet rejects Defendant's settlement offers of multiples of related licenses fees solely because of the potential leverage of costs associated with continuing to defend against this suit. This is the *modus operandi* of Mr. Liebowitz's law firm and is the reason Mr. Liebowitz has been repeatedly sanctioned in this District.

Plaintiff also misstates the legal standard regarding an attorneys' fee award to a defendant where plaintiff fails to obtain a judgment beyond a Rule 68 offer. "[W]e note that where recovery in litigation does not exceed a rejected Rule 68 offer, the plaintiff is required to pay the defendant's post-offer costs, <u>which in a copyright infringement case includes reasonable attorney's fees under 17 U.S.C. § 505</u>. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2006), aff'd 249 Fed. App'x 845 (2d Cir. Oct. 2, 2007) ("[W]hen the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment, Rule 68 [of

2

the Federal Rules of Civil Procedure] <u>requires an award to defendant of its fees incurred after that offer</u>.") (emphasis added).

Indeed, Mr. Liebowitz is well-aware of this standard, as his firm frequently voluntarily dismisses cases mid-litigation in order to avoid such exposure. Contrary to Plaintiff's arguments, a $10,000 bond here is not a penalty or an obstacle. Should Plaintiff reject Defendant's Offer of Judgment, Defendant is prepared to litigate this Action to trial and an award of its attorneys' fees is virtually assured as the pending Offer of Judgment vastly exceeds Plaintiff's maximum potential recovery. In fact, Plaintiff is not even entitled to any damages whatsoever under *Petrella*. The bond is necessary to ensure that Defendant can recover at least a portion of the fees it is prepared to expend.

Respectfully submitted,

Dated: June 18, 2018          By:

_____
Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
andrew@kgfirm.com
ilya@kgfirm.com

*Counsel for Defendant Galore Media, Inc.*

3