USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
KRISTY LEIBOWITZ,                  :
                Plaintiff,     :   18 Civ. 2626 (RA)(HBP)

  -against-                       :   ORDER

GALORE MEDIA INC.,                 :

                Defendant.     :
-----------------------------------X

        PITMAN, United States Magistrate Judge,

        On December 3, 2014, the New York Post (the "Post") published an article about Art Basel, an annual music and arts festival held in Miami, on its online platform ("Stars Support the Art of Partying at Art Basel," The New York Post, dated Dec. 3, 2014, annexed as Ex. B to the Complaint, dated Mar 26, 2018 (Docket Item ("D.I.") 1) ("Compl.")).  Featured in this article were two photographs of popular singer, songwriter and entertainer Miley Cyrus (the "Photographs"), taken by plaintiff Kristy Leibowitz, a New York-based photojournalist and sole proprietor of a New York domestic limited liability company (Compl. ¶¶ 11-18; Declaration of Richard P. Liebowitz, Esq., dated June 13, 2018 (D.I. 15) ("Liebowitz Decl.") ¶ 7).  Subsequently, defendant Galore Media Incorporated published its own article about Art Basel on its website, featuring the Photographs (Compl. ¶¶ 17-24; "Art Basel Pix to Give You Major Forno," Galore Media Inc.,

annexed as Ex. D to Compl.). Plaintiff did not discover that defendant had published her Photographs until 2016 (Compl. ¶ 24).

Plaintiff brought this action pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), alleging that she owns the copyright for the Photographs and that defendant did not obtain a license or consent from her to publish the Photographs (Compl. ¶¶ 17-24).[1] Plaintiff seeks actual damages and disgorgement of defendant's profits, gains or advantages of any kind attributable to defendant's use of the Photographs.

On approximately June 2, 2018, defendant tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68 Offer") (Plaintiff's Memorandum of Law in Opposition to the Imposition of a Bond, dated June 13, 2018 (D.I. 16) ("Pl.'s Mem.") at 1, 3). The record does not disclose the amount of the Rule 68 Offer. Plaintiff appears to have rejected the offer. On June 6, 2018, the Honorable Ronnie Abrams, United States District Judge, conducted an initial pretrial conference at which defendant requested that plaintiff be required to post a bond in the amount of $10,000.00 as security for costs pursuant to Rule 54.2 of the Local Rules of the United States District Courts for the Southern and Eastern

---

[1] The Photographs were registered with the United States Copyright Office and were given Copyright Registration Number VA 2-036-600, effective as of March 13, 2017 (Copyright Registration Number VA 2-036-600, eff. Mar. 13, 2017, annexed as Ex. C to Compl.).

2

Districts of New York ("Local Rule 54.2"). Judge Abrams ordered plaintiff to show cause why a bond should not be required as a condition for proceeding with this action ("Order to Show Cause"), and directed briefing on the issue. Also on June 6, Judge Abrams referred this matter to the undersigned for general pretrial purposes, including resolution of the Order to Show Cause. The matter was fully submitted as of June 18, 2018 (see Pl.'s Mem.; Defendant's Memorandum of Law in Support of Imposition of a Bond, dated June 18, 2018 (D.I. 17) ("Def.'s Mem.")).

Local Rule 54.2 provides, in pertinent part, that "[t]he Court on motion or on its own initiative may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." Judges considering whether to require a party to post a bond or additional security for costs under Local Rule 54.2 generally consider the following factors (the "Cruz Factors"):

> 1. "[T]he financial condition and ability to pay of the party at issue";
>
> 2. "[W]hether that party is a non-resident or foreign corporation";
>
> 3. "[T]he merits of the underlying claims";
>
> 4. "[T]he extent and scope of discovery";
>
> 5. "[T]he legal costs expected to be incurred";
>
> 6. "[C]ompliance with past court orders."

3

Cruz v. American Broad. Cos., Inc., 17 Civ. 8794 (LAK), 2017 WL 5665657 at *1 (S.D.N.Y. Nov. 17, 2017) (Kaplan, D.J.), quoting Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, then D.J., now Cir. J.), aff'd, 173 F.3d 104 (2d Cir. 1999); see also Klipsch Grp., Inc. v. ePro E-Commerce Ltd., 880 F.3d 620, 635 (2d Cir. 2018), citing Johnson v. Kassovitz, 97 Civ. 5789 (DLC), 1998 WL 655534 at *1 (S.D.N.Y. Sept. 24, 1998); Reynolds v. Hearst Commc'ns, Inc., 17 Civ. 6720 (DLC), 2018 WL 1229840 at *2 (S.D.N.Y. Mar. 5, 2018) (Cote, D.J.); Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., 03 Civ. 10254 (JFK), 2008 WL 161239 at *2 (S.D.N.Y. Jan. 15, 2008) (Keenan, D.J.) (requiring plaintiff to post a bond as security for costs due to (1) plaintiff's lack of assets and (2) the fact that plaintiff is a foreign corporation).  Local Rule 54.2's "primary purpose . . . is to insure that whatever assets a party does possess will not have been dissipated or otherwise become unreachable by the time such costs are actually awarded."  Selletti v. Carey, supra, 173 F.3d at 112.

Two Cruz Factors weigh in favor of requiring plaintiff to post a bond.  First, under the Copyright Act, attorneys' fees may be included in the recoverable costs of a prevailing party. 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . .  Except as otherwise provided in this

4

title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"); see Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Moreover, even if plaintiff is successful in proving that defendant infringed on her copyright, she will nevertheless be required to pay defendant's post-offer-of-judgment costs if the amount that she recovers is less than defendant's Rule 68 Offer. Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2006) (Preska, D.H.), aff'd, 249 F. App'x 845 (2d Cir. 2007); see Wallert v. Atlan, 14 Civ. 4099 (PAE), 2015 WL 518563 at *1 (S.D.N.Y. Feb. 5, 2015) (Engelmayer, D.J.) ("If plaintiff . . . cannot establish greater damages than those offered by defendant . . ., under Rule 68, he will be obligated to compensate the defendant for 'the costs [it] incurred after the offer was made.'"), quoting Boutros v. JTC Painting & Decorating Corp., 989 F. Supp.2d 281, 286 n.2 (S.D.N.Y. 2013) (Engelmayer, D.J.).[2]

---

[2] Although I need not address the merits of plaintiff's claim at this stage, see Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., supra, 2008 WL 161239, it is worth noting that "a successful plaintiff [in a copyright infringement action] can gain retrospective relief only three years back from the time of suit. No recovery may be had for the infringement in earlier years." Petrella v. Metro-Goldwyn-Mayer Inc., 134 S.Ct. 1962, 1973 (2014). Given the facts that (1) defendant committed the alleged infringement in December 2014; (2) defendant apparently removed the Photographs from its website after only a "short period of time" and (3) defendant's blog post received only a "very small" number of page views (Joint Letter of Robert P. Liebowitz, Esq., and Andrew Gerber, Esq., dated June 1, 2018 (D.I. 11)), there is a significant possibility that the damages to which plaintiff is entitled to from March 26, 2015 through the date on which she

Thus, plaintiff may be required to pay defendant's costs, including reasonable attorney's fees, regardless of whether she prevails on the merits.

Second, defendant has a justified concern that plaintiff's counsel, Richard P. Liebowitz, will evade court orders or voluntarily dismiss the action in an attempt to make plaintiff's assets unreachable in the event costs are awarded to defendant. As the Honorable Denise L. Cote, United States District Judge, explained,

> Mr. Liebowitz [h]as filed over 500 cases in this district in the past twenty-four months. He has been labelled [sic] a copyright "troll." McDermott v. Monday Monday, LLC, [17 Civ. 9230] (DLC), 2018 WL 1033240 at *3 n.4 (S.D.N.Y. Feb. 22, 2018) [(Cote, D.J.)]. Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court. See Paul Steeger v. JMS Cleaning Services, LLC, [17 Civ. 8013] (DLC) [2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018) (Cote, D.J.)]. A number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous. See Cruz v. Am. Broad. Cos., [supra,] 2017 WL 5665657 at *2 n.11 . . . (Judge Kaplan noted that he "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench." (citing Kanongataa v. Am. Broad Cos., [16 Civ. 7392] (LAK), 2017 WL 4776981 at *3 (S.D.N.Y. Oct. 4, 2017) [(Kaplan, D.J.)]. Multiple courts, on their own initiative have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. See e.g., Pereira v. Kendall Jenner, Inc., [17 Civ. 6945] (RA) (Mr. Liebowitz voluntarily dismissed the case before responding to the

---

commenced this action are less than the Rule 68 Offer and, thus, she will be required to pay defendant's reasonable attorney's fees pursuant to Fed.R.Civ.P. 68.

> Judge Abrams' Show Cause Order.); Cruz v. Am. Broad. Cos., [supra,] 2017 WL 5665657 . . . (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order).

Reynolds v. Hearst Commc'ns, Inc., supra, 2018 WL 1229840 at *4.

Plaintiff argues that her claims are not frivolous and that imposition of a bond is, therefore, inappropriate (Pl.'s Mem. at 7). However, "[f]rivolousness is [only] one ground for [the] imposition of a bond; a bond may be justified based on a variety of other factors." Reynolds v. Hearst Commc'ns, Inc., supra, 2018 WL 1229840 at *4. Plaintiff also argues that defendant has failed to show that she is unable to pay costs, including reasonable attorney's fees, in the event defendant is the prevailing party or if plaintiff prevails but is awarded damages in an amount less than the Rule 68 Offer (Pl.'s Mem. at 4-5). As an initial matter, plaintiff is the only party privy to information concerning her financial status and she, likewise, has not provided any evidence concerning her ability to pay potential costs. Moreover, the risk presented here is not only the risk of plaintiff's inability to pay, but Liebowitz's modus operandi that is well-documented in numerous other cases in this district of voluntarily dismissing suits to avoid paying reasonable attorney's fees to defendants who might be deemed the "prevailing party" under the Copyright Act.

7

Finally, plaintiff argues that the imposition of a bond here will "chill the enforcement of valid copyrights held by other professional photojournalists" by empowering defendants in such actions to file similar motions in otherwise meritorious suits (Pl.'s Mem. at 10-11, 11 n.1, citing, inter alia, Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983) and Insomedia, Inc. v. Spectrum Direct, Inc., No. C08-1733JLR, 2009 WL 10676392 at *3 (W.D. Wash. June 17, 2009). Specifically, plaintiff argues that copyright infringement suits not only compensate copyright holders, but serve to protect their intellectual property rights "from widespread invasion by large scale corporations" (Pl.'s Mem. at 10, citing Apple Computer, Inc. v. Franklin Computer Corp., supra, at 1255). The concerns plaintiff sets forth have been considered and addressed by the Second Circuit in Selletti v. Carey, supra, 173 F.3d 104, which held that Local Rule 54.2 is not to be used as a mechanism to "dismiss suits of questionable merit filed by plaintiffs with few resources." Rather, where a party fails to post bond, "a party's inability to pay must weigh heavily against a dismissal for failure to do so." Selletti v. Carey, supra, 173 F.3d at 112 n.12 citing Herring v. City of Whitehall, 804 F.2d 464, 468 (8th Cir. 1986) (holding that district court abused its discretion by dismissing for non-payment of bond without inquiring into party's asserted inability to pay); see RLS Associates, LLC v. United

8

Bank of Kuwait PLC, 464 F. Supp. 2d 206, 222 (S.D.N.Y. 2006) (Haight, D.J.). Plaintiff has not demonstrated or even claimed that she is unable to pay the $10,000.00 bond requirement. In the event she fails to pay the bond, "the district court may not dismiss her action without considering the plaintiff's inability to pay." RLS Associates, LLC v. United Bank of Kuwait PLC, supra, 464 F. Supp. 2d at 222. This procedural safeguard is sufficient to protect plaintiff's rights under the Copyright Act and her right to access the courts. See Selletti v. Carey, supra, 173 F.3d at 112 ("Some time ago, explaining our reversal of an order of dismissal that gave insufficient consideration to a party's inability to file a bond, we stated: 'Truly were this order to stand it would go far in making the federal court a court only for rich litigants . . . .'"), quoting Farmer v. Arabian Am. Oil Co., 285 F.2d 720, 722 (2d Cir. 1960).

Turning next to the appropriateness of the bond amount, a federal court has discretion to "order any party to file an original bond for costs or additional security for costs in any amount . . . as it may designate." Local Rule 54.2 (emphasis added). Plaintiff does not object to the amount of $10,000.00. Moreover, that amount is consistent with the amount set for bonds in similar actions in which Liebowitz's failure to comply with court orders was a significant factor in the imposition of a bond

9

pursuant to Local Rule 54.2.  See Reynolds v. Hearst Commc'ns, Inc., supra, 2018 WL 1229840 at *5.

Accordingly, the plaintiff is directed to file a bond with the Clerk of Court in the amount of ten thousand within 21 days of the date of this Order.

Dated: New York, New York
       July 11, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel