**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRISTY LEIBOWITZ,<br><br>                                    Plaintiff,<br>         - against -<br><br>GALORE MEDIA, INC.<br><br>                                    Defendant. | No. 18-cv-2626 (RA) (HBP)<br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR RE-ARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Kristy Leibowitz ("Plaintiff" or "Leibowitz"), via counsel, hereby submits this memorandum of law and accompanying Declarations of Richard Liebowitz and Kristy Leibowitz in support of Plaintiff's Motion for Reconsideration or Re-argument of the District Court's Order, dated July 11, 2018, which imposed upon Leibowitz a requirement to post a $10,000 bond pursuant to S.D.N.Y. Local Rule 54.2. [Dkt. # 18, Order] (the "Order"). As an initial note, Plaintiff requests leave to enter the Declarations of Kristy Leibowitz ("Leibowitz Declr.") and Richard P. Liebowitz ("2nd Liebowitz Declr.") and their accompanying exhibits into the record, given that the Order was entered upon an incomplete record since the Court was not privy to the Initial Conference held before Hon. Judge Abrams that led to the Order to Show Cause why a bond should not be required.

The Court's imposition of a $10,000 bond requirement should be vacated or, in the alternative, reduced on grounds that: (1) the bond amount of $10,000 is excessive, and not based on the actual reasonably expected costs of such a simple litigation involving the unauthorized use of two images. The likely costs of this litigation are likely below $2,000, an amount Plaintiff

1

would in fact be able to pay, and accordingly, the Court's order should be vacated under Rule 60(b)(1), or in the alternative, the bond amount should be substantially reduced to reflect the actual expected costs; and (2) Leibowitz's claim is a meritorious copyright infringement claim, and in light of Leibowitz's past licensing fees [Dkt. 15, Liebowitz Declr. ¶9, Ex. B], the rejection and expectation of obtaining a recovery above and beyond the proffered Offer of Judgment was reasonable.

## BACKGROUND

Leibowitz is a professional photographer. [Dkt. 1, Complaint ("Compl.") ¶ 5]. Defendant Galore Media, Inc. ("GMI') is a media corporation in the business of publishing editorial pieces, including photographs, for commercial exploitation.  It is undisputed that GMI owns and operates the website www.galoremag.com, which published the images that are the subjects of this litigation without a license. [Dkt # 10, Answer, ¶ 8-10].

**The Photographs**

Leibowitz photographed A-list celebrity Miley Cyrus in an exclusive concert at Art Basel. Leibowitz then licensed the exclusive Photos, via its contracted day-rate (not an individual photo license fee), to the New York Post's Page Six with whom she has a special, ongoing business relationship. Page Six published the Photos with clear credit on December 3, 2014. [Compl. ¶ 13 & Ex.B].  The Photos were eventually registered with the U.S. Copyright Office, and given registration no. VA 2-036-600, effective March 13, 2017. [Compl. ¶ 16 & Ex. C].

**GMI's Unauthorized Use of the Subject Photographs**

After the Photos were published in Page Six, and despite clear credit on the source image (The New York Post) the Photographs appeared on GMI's website at https://galoremag.com/art-basel-pix-to-give-you-major-fomo/ (the "Infringing Article").  [Compl. ¶ 17 & Ex. D].  In

summary, the facts clearly indicate that copyrighted photographs, with clear ownership notice, were copied directly from a licensed source, and published without authorization by a sophisticated media company. Contrary to Defendant's assertions that its infringement was "in good faith and with non-willful intent," the facts here point to a sophisticated media company's reckless disregard of the copyright holder's rights. [Answer, Affirmative Defenses ¶ 6.].

**Leibowitz's Motivation**

Leibowitz, a New York resident and business owner, filed this action in a good faith effort to vindicate her rights and secure her intellectual property against invasion by commercial publishers such as GMI who seek to exploit her work without paying the customary fee. [Leibowitz Declr. ¶7]. She is prepared to fully participate in deposition and trial, and to be subject to the rulings of this Court. [Leibowitz Declr. ¶8].

**Defendant's Rule 68 Offer of Judgment**

On or around June 2, 2018, Defendant served an offer of Judgment (the "Offer"). The Court acknowledges that the record does not reflect the amount of the Offer.

**The Expected Costs**

This is a relatively simple dispute, involving two images that appeared in a single article. The expected recoverable costs in such a litigation, for either party, is well below the $10,000 bond amount. [2nd Leibowitz Declr. ¶¶ 3, 7] Outside of small nominal costs, the primary expected costs in this litigation for Defendant are two (2) local depositions to be conducted here in New York City (the home and location Defendant, its counsel and its likely witness) consisting of Leibowitz and the employee of GMI responsible for the Article. [*Id*. ¶¶4,5]. In comparable litigations of this type, similar depositions have cost about $854.00. [*Id*. ¶6 & Ex. A]. There should be minimal travel costs associated with these depositions. The $854.00

deposition fee submitted herewith involved a full-day deposition of a photographer in a similar case, with a Defendant represented by a comparable firm to Defendant's present counsel, and therefore provides a strong basis for the expected costs of a deposition in this case. [*Id.*]. Accordingly, the total costs for the Defendant for this litigation are expected to be around $2,000, which provides for two depositions, and an additional $300.00 in miscellaneous costs.

**Leibowitz' Financial Status**

As has already been established, Leibowitz is a financially solvent business owner with property in-state. [Dkt. 15, Decl. Liebowitz ¶ 6-8; Leibowitz Declr. ¶7] Leibowitz is capable of covering the expected costs of this litigation. As noted above, the reasonable amount of costs in this action is around $2,000. Leibowitz is capable of covering such costs, and accordingly, there is no basis/need for the posting of a bond in the current matter. [Leibowitz Declr. ¶9 ]

## LEGAL STANDARD

A party seeking reconsideration or re-argument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide

4

relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or re-argument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

I.  **BECAUSE THE CLAIM IS CLEARLY MERITORIOUS, THERE IS NO EXPECTATION OF ATTORNEYS' FEES AWARD FOR DEFENDANT, AND THE BASIS FOR THE BOND MUST BE RESTRICTED TO THE EXPECTED COSTS**

As noted in the facts above, the expected costs of this litigation do not exceed $2,000. Absent a reasonable basis for an expectation of Attorney's Fees as part of said costs, there is no justification for the demand of a bond in excess of $2,000.

In the Order, the Court did not find that Plaintiff's case lacked merit, and in fact, the Defendant has all but conceded liability for copyright infringement. Accordingly, there is an

expectation that Plaintiff will be the ultimate prevailing party in this matter with regard to its copyright infringement claim.

Attorney Fees under 17 U.S.C §505 are provided exclusively to a prevailing party. *Id* ("the court may also award a reasonable attorney's fee *to the prevailing party* as part of the costs" (emphasis added)). Accordingly, a prevailing plaintiff on a meritorious copyright infringement claim cannot be held liable for Defendant's attorney's fees due to failure to beat a prior Rule 68 Offer of Judgment.

The majority of courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees as costs, a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68. See, e.g., *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc*., 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson v. Banian* Ltd., 221 F.R.D. 378, 381 (E.D.N.Y. 2004) (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Though Plaintiff recognizes an outlier decision in *Baker v. Urban Outfitters, Inc.,* that ruling is inapposite with respect to the current matter, since the Defendant in *Baker* was the prevailing party. Though there was language regarding fee-shifting under Rule 68, the award of fees was to a prevailing party, and was ultimately based on substantial bad-faith conduct, finding that "(1) this lawsuit was motivated by improper considerations, (2) the lawsuit was prosecuted in bad faith, (3) the factual and legal contentions advanced by the plaintiff were either frivolous

6

or objectively unreasonable, and (4) there is a unique need in this case for both compensation and deterrence." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), aff'd, 249 F. App'x 845 (2d Cir. 2007).

Unlike *Baker*, when the Defendant is not a prevailing party the majority of courts have declined to shift attorney's fees as part of costs. Following the Supreme Court precedent in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), courts in this Circuit and beyond have found that the Copyright Act does not support fee-shifting to a non-prevailing party. *Marek* is critical because it held that attorneys' fees are recoverable under Rule 68 only if they are "properly awardable" under the relevant substantive statute. *Marek*, 105 S.Ct. 3017. As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson*, 221 F.R.D. at 381.

In the minority view adopted by *Jordan v. Time, Inc.,* 111 F.3d 102 (11th Cir.1997), the Eleventh Circuit held that a non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68. *Id*. at 105. But, the majority of courts have flatly rejected *Jordan* for failing to adhere to the Supreme Court's holding in *Marek*. See, e.g., *Harbor Motor Co*., 265 F.3d at 646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the Copyright Act that a party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505"); *UMG Recordings, Inc*., 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we reaffirmed Trident's application of *Marek* and explicitly rejected the Eleventh Circuit's approach in *Jordan*"); B*ruce*, 203 F.R.D. at 56; *Brandt v.*

*Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); see also *Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) (recognizing that Jordan has been subject to criticism in other circuits).

In short, the prevailing precedent in this Circuit and around the nation, based on the *Marek* Supreme Court decision, holds that a Rule 68 offer cannot shift fees to a non-prevailing party when the underlying statute only provides for fees to a "prevailing party," as is the case under 17 U.S.C § 505. Accordingly, any demand for a bond should not take into account fees and must be limited to the reasonably expected costs of this simple two-image infringement claim, and such costs are unlikely to exceed $2,000.

## II.        BASED ON LEIBOWITZ'S ACTUAL LICENSE FEES, THE PROFFERED OFFER OF JUDGMENT WAS REASONABLY REJECTED

With regard to Plaintiff's copyright infringement claim, there is a reasonable expectation that Plaintiff will be the ultimate prevailing party in this matter.

In light of the clear photographer credit on the admitted source of the images (The New York Post's Page Six), it is reasonable to expect that a sophisticated media company shall be found reckless in their unauthorized use of the image, warranting an award of Attorneys' Fees. "The Second Circuit has held that it is appropriate to award attorneys' fees where the infringement was willful." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 200 (S.D.N.Y. 2016) (Citing *Kepner–Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir.1999); *Beastie Boys v. Monster Energy Co.*, 112 F.Supp.3d 31, 43, 2015 WL 3823924, at *8 (S.D.N.Y.2015) ("Courts have awarded fees based on willfulness even where the infringement was reckless rather than knowing.") (collecting cases).

8

Defendant's assertion of a license fee of several hundred dollars is the maximum that Leibowitz can recover is inaccurate. Nor is the going rate that Page Six paid relevant in this case, given the special, ongoing relationship Leibowitz has with that entity. [Leibowitz Declr. ¶4]. To the contrary, the Photos here would have been licensed through a one-time, at-arms-length, private negotiation between the photographer and Defendant. [Leibowitz Declr. ¶5] Individual photographers demanding one-off license rates typically demand far higher license fees than they obtain through media outlets with whom they have special, ongoing relationships. [*Id.* ¶6 ].

Leibowitz does not have individual, at-arms-length licenses for the images in dispute, however, she has negotiated licenses well into the four figures for single image editorial use. Considering a comparable image, Leibowitz received $2,700 for a non-exclusive license per image on at least two occasions. [Dkt. 15, Decl. Liebowitz, Ex. B; Leibowitz Decl. ¶ 6].

Importantly, courts and commentators agree" that damages "should be broadly construed to favor victims of infringement." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001), as amended (May 15, 2001); See William F. Patry, *Copyright Law and Practice* 1167 (1994) ("Within reason, any ambiguities should be resolved in favor of the copyright owner."); 4 Nimmer § 14.02[A], at 14–12 ("[U]ncertainty will not preclude a recovery of actual damages if the uncertainty is as to amount, but not as to the fact that actual damages are attributable to the infringement."); *Fitzgerald Publ'g Co.*, 807 F.2d at 1118 ("damages are not ... narrowly focused."); *Sygma Photo News, Inc. v. High Society Magazine*, 778 F.2d 89, 95 (2d Cir.1985) (stating that when courts are confronted with imprecision in calculating damages, they "should err on the side of guaranteeing the plaintiff a full recovery"). Though it may be premature to

establish that the current images will demand four figure licensing fees, it is equally premature to presume that the license fees would be limited to a few hundred dollars.

## CONCLUSION

Based on the foregoing, the Court should GRANT Plaintiff's motion for reconsideration and vacate its Order [Dkt. #18], rescinding the bond requirement in its entirety or, in the alternative, reducing the Bond requirement to the reasonable amount of $2,000. Additionally, Plaintiff requests that the bond requirement, if still required, is due after the settlement conference[1] set for September 18, 2018.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/s/ Richard P. Liebowitz**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
*Counsel for Plaintiff Kristy Leibowitz*

---

[1] Originally, settlement conference was set for July 30, 2018, before the due date for the bond requirement.

10